## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**DON M. ANDREW, JR. (#32596-034)**  CIVIL ACTION NO.

**VERSUS**  19-221-SDD-EWD

**JEFF LANDRY, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on August 10, 2022.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DON M. ANDREW, JR. (#32596-034)　　　　　　　CIVIL ACTION NO.

VERSUS　　　　　　　　　　　　　　　　　　　19-221-SDD-EWD

JEFF LANDRY, ET AL.

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is a Petition Under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody ("Petition"),[1] filed by Don M. Andrew, Jr. ("Andrew"), who is representing himself and who is confined at the Federal Correctional Institution in Oakdale, Louisiana. Even giving Andrew the benefit of a liberal reading of the Petition, he has failed to establish any basis for granting habeas relief. Accordingly, it is recommended that Andrew's request for habeas relief be denied and that this matter be dismissed. There is no need for oral argument or for an evidentiary hearing.

**I.　PROCEDURAL HISTORY**

On November 20, 2012, Andrew was charged by bill of information with having committed attempted forcible rape in violation of Louisiana Revised Statute 14:42.1;27.[2] On September 17, 2015, Andrew was found guilty by a unanimous jury.[3] On September 24, 2015, Andrew filed a Motion for Judgment Notwithstanding the Verdict and/or Motion for New Trial, which was denied on January 25, 2016.[4] On March 31, 2016, Andrew was sentenced to fifteen (15) years' imprisonment at hard labor without the benefit of parole, probation, or suspension of sentence to run consecutively with any other sentence, including federal sentences.[5]

---

[1] R. Doc. 1.
[2] R. Doc. 9-1, p. 57.
[3] R. Docs. 9-1, pp. 8-9; 9-2, p. 16.
[4] R. Doc. 9-2, pp. 29-31, 36.
[5] R. Doc. 9-1, pp. 20-27; R. Doc. 9-2, p. 45. Sentencing was originally set for January 28, 2016, but the date was continued at the request of both parties. R. Doc. 9-1, pp. 15-19.

Andrew filed a direct appeal urging two assignments of error: (1) insufficient evidence[6] and (2) the trial court erred in denying his motion to quash the petit jury.[7] On February 21, 2017, the Louisiana First Circuit Court of Appeal ("First Circuit") affirmed his conviction and sentence.[8] Andrew then sought a writ of certiorari from the Louisiana Supreme Court, which was denied on February 2, 2018.[9] Reconsideration of that decision was denied on August 31, 2018[10] and November 14, 2018.[11] Andrew did not seek post-conviction relief in the state courts.[12] This Petition was timely filed.[13]

## II.   FACTUAL BACKGROUND

The accurate facts as summarized by the First Circuit are as follows:[14]

> On or about November 3, 2011, S.Y. (the victim's mother) left her fifteen-year-old daughter T.Y. (the victim), her three-year-old son, and her two-year-old nephew in the care of the defendant (S.Y.'s first cousin), while she and her father went to a nearby Walmart.[15] S.Y. and the children lived in a two bedroom apartment in Baker at the time.[16] According to the victim (who was nineteen years old when the trial took place), the defendant approached the victim while she was sitting on the sofa and grabbed her hand and kissed it. The victim, becoming afraid, pulled her hand back, told the defendant

---

[6] Andrew technically complained that the victim's account was unworthy of a rational juror's belief, but the First Circuit interpreted this as a claim that the evidence was insufficient. R. Doc. 9, pp. 4-5.
[7] R. Doc. 9-5, pp. 8-33.
[8] R. Doc. 8-1, pp. 2-21.
[9] R. Doc. 8-1, p. 19.
[10] *State v. Andrew*, 2017-0662 (La. 8/31/18), 251 So.3d 1082.
[11] R. Doc. 9-4, p. 208. In addition to seeking reconsideration, Andrew sought reconsideration of the denial of reconsideration.
[12] Andrew erroneously indicated in his Petition that he sought post-conviction relief. R. Docs. 1, p. 6; 11; & 13.
[13] Denial of the timely filed motions for reconsideration must be considered in calculating the timeliness of the instant Petition. *Buniff v. Cain*, 349 Fed.Appx. 3, at *1 (5th Cir. 2009). Andrew's conviction became final on February 12, 2019, ninety days after the Louisiana Supreme Court's last denial of reconsideration. 28 U.S.C. § 2244(d)(1)(A). Andrew filed the Petition on February 28, 2019. *See Cooper v. Brookshire*, 70 F.3d 377, 379-80 (5th Cir. 1995) (an inmate's pleadings are considered filed on the date that they are presented to prison officials or placed into the prison mailing system for transmission to the Court, not on the date that they are ultimately received or docketed by the Court). Even without starting the clock from the final denial of reconsideration, Andrew's Petition is still timely as the judgment was not final until, May 3, 2018 at the earliest, which is ninety (90) days after the Louisiana Supreme Court's initial denial of review. Andrew's Petition was filed less than a year from that date.
[14] R. Doc. 8-1, pp. 4-5.

[15] The victim's date of birth is July 18, 1996. Herein, we use the initials of the victim and her immediate family in order to keep her identity confidential in accordance with La. R.S. 46:1844(W).
[16] Earlier that day, the defendant and his uncle (S.Y's father and the victim's grandfather) had given S.Y. and her children a ride to the hospital where the victim was treated for a finger injury she sustained at school.

not to do that, and moved away from him. As the victim questioned him about his actions, the defendant took the two toddlers to S.Y.'s bedroom. The defendant closed S.Y.'s bedroom door and pushed the victim away, as she tried to enter her mother's bedroom with the other children.

The defendant then grabbed the victim by the shoulders and shoved her into the other bedroom, while the victim attempted to get away. The defendant pushed her onto the bed, as she stated, "This can't happen, I don't want this to happen." The defendant told her not to tell anyone, as he got on top of the victim and forced her arms above her head. The victim continued to attempt to get away, but the defendant held her hands at the wrists above her head. The defendant's feet dangled off the bed as his body and legs were on the bed over the victim's body. The defendant again told the victim not to tell anyone, as he pulled the victim's pants partially down, pulled his own pants down, and as the victim further indicated, "tried to put his penis inside of me, but it just wouldn't fit."

S.Y. learned of the incident when the victim requested a family meeting in February of 2012. The request for a meeting prompted S.Y. to read the victim's diary. One of the victim's entries (dated February, 2012) stated in part that she needed to tell her mother that she had been "rape (sic) by [her] cousin Don Andrew." S.Y. reported the incident to the Baker Police Department, and on February 9, 2012, she was interviewed by Detective Avery Johnson. Detective Johnson further interviewed the victim and her grandfather before obtaining a warrant for the defendant's arrest.[17]

### III. ANDREW IS NOT ENTITLED TO RELIEF

#### A. Standard of Substantive Review

The standard of review in this Court is that set forth in 28 U.S.C. § 2254(d). Pursuant to that statute, an application for a writ of habeas corpus shall not be granted with respect to any claim that a state court has adjudicated on the merits unless the adjudication has "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Relief is authorized if a state court has arrived at a conclusion contrary

---

[17] Detective Johnson did not record the interview of the victim. He testified that it was against police policy to record interviews of children and that the department did not have access to the Children's Advocacy Center because it was in the process of being developed at the time.

3

to that reached by the Supreme Court on a question of law or if the state court has decided a case differently than the Supreme Court on a set of materially indistinguishable facts.[18] This standard is difficult to meet.[19] Relief is also available if the state court has identified the correct legal principle but has unreasonably applied that principle to the facts of the petitioner's case or has reached a decision based on an unreasonable factual determination.[20] Mere error by the state court or mere disagreement on the part of this Court with the state court determination is not enough; the standard is one of objective reasonableness.[21] State court determinations of underlying factual issues are presumed to be correct, and the petitioner has the burden to rebut that presumption with clear and convincing evidence.[22] Applying these principles to Andrew's Petition, there is no basis for the granting of habeas relief.

Andrew listed the following grounds for relief in this case: (1) "Donald Joseph,[23] He testified against me, and now he knows she (the Plaintiff) was lying Arrlyn Joseph[24] had committed perjury on the stand. There are too many lies in this case;" (2) "Donald Joseph call my mother and told her that Ms. Young was lying about all of this;"[25] and (3) "Perjury was committed more than 5 times in this case. The D.A., Judge, or my lawyer said anything." Giving the Petition *very* liberal construction since Andrew is representing himself, it appears he is raising perjury, prosecutorial misconduct, and ineffective assistance of counsel as grounds for relief.

On counseled direct appeal, Andrew raised the following two assignments of error: 1) The State failed to prove Don Michael Andrew Jr. was guilty, beyond a reasonable doubt of attempted

---

[18] *Williams v. Taylor*, 529 U.S. 362, 413 (2000).
[19] *White v. Woodall*, 572 U.S. 415, 419 (2014).
[20] *See Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000).
[21] *Id*. *See also, Williams*, 529 U.S. at 409 ("[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable").
[22] 28 U.S.C. § 2254(e)(1).
[23] Donald Joseph is Andrew's uncle. R. Doc. 9-5, p. 14.
[24] This appears to be a reference to Erralyn Joseph, Shakela Young's sister.
[25] Ms. Young is presumed to be Shakela Young, the victim's mother. *Id.*

forcible rape; and 2) The trial court erred in denying the defendant's motion to quash the jury venire and in failing to issue subpoenas and hold a hearing on the composition of the petit jury venire; remand is required.[26] As support for the first assignment of error, Andrew argued that the inconsistencies and embellishments in the victim, T.Y.'s, allegations, did not "show credible, reliable story or a specific intent to rape T.Y. to the exclusion of every reasonable hypothesis of innocence," where "T.Y. did not make the allegation for 3 months and then wrote it in a diary which her mother found. There were no signs or symptoms that anything had occurred," and T.Y.'s "timeline and the inconsistency with the other testimony, would not allow a reasonable juror to find that the State's case was proven."[27]

The only factual information that appears to overlap between the Petition and Andrew's claims on direct appeal is that T.Y.'s trial testimony was untruthful. Even giving Andrew the benefit of the doubt and construing the Petition such that all the claims fall within the scope of the general allegation made on direct appeal that the evidence was insufficient to convict him of attempted forcible rape of T.Y., the Petition lacks merit.[28]

### B. Perjury/Prosecutorial Misconduct/Ineffective Assistance of Counsel Claims Lack Merit

It appears that Andrew is arguing in his Petition that certain trial witnesses perjured themselves. "In order for perjury by a witness to constitute grounds for the grant of a habeas corpus writ it would have to be shown that the state knowingly used the perjured testimony."[29] A petitioner's failure to support his perjury claim with evidence that there was perjured testimony or knowing use of perjured testimony by the state is fatal to a habeas claim based on perjured

---

[26] R. Doc. 9-5, p. 14.
[27] R. Doc. 9-5, p. 16.
[28] In response to the Petition, the state references the fact that Andrew's claims are likely unexhausted but addresses the merits of the insufficiency of evidence claim, recognizing the latitude afforded to *pro se* litigants. R. Doc. 7, p. 2.
[29] *Skipper v. Wainwright*, 598 F.2d 425, 427 (5th Cir. 1979), citing *Giglio v. United States*, 405 U.S. 150 (1972).

5

testimony.³⁰ Here, Andrew only vaguely references that Arralyn [sic] Joseph and Shakela Young offered perjured trial testimony, but he does not explain what specific parts of their testimony he claims were untruthful, nor does he allege knowing use of perjured testimony by the state.³¹

### C. Andrew's Claim that His Conviction was Not Supported by Sufficient Evidence Fails

In a federal habeas corpus proceeding, the Supreme Court's decision in *Jackson v. Virginia*,³² provides the standard for testing the sufficiency of the evidence. The question "is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."³³ Further, the federal habeas court's consideration of the sufficiency of the evidence is limited to a review of the record evidence adduced at the petitioner's state court trial.³⁴ On appeal, Andrew argued that inconsistencies and the lack of corroborative or forensic evidence rendered the victim's account of the incident unworthy of a rational juror's belief.³⁵ The First Circuit rejected Andrew's claims,³⁶ concluding:

> The victim vividly and consistently described the situation wherein the defendant forcefully pushed her onto the bed, pulled down his pants, and exposed his penis, during which she was physically unable to prevent him from getting on top of her. The defendant pulled down the victim's pants and tried to put his penis in her vagina, but was physically prevented from doing so because of the victim's physical

---

³⁰ *Braxton v. Estelle*, 641 F.2d 392, 395 (5th Cir. 1981), citing *United States v. Jones*, 614 F.2d 80, 82 (5th Cir. 1980).
³¹ To the extent Andrew's assertion that, "perjury was committed more than 5 times in this case. The D.A., Judge, or my lawyer said anything," (R. Doc. 1, p. 8) is intended to imply knowing use of perjured testimony by the state, again, the allegations are too vague to establish this claim. *See Williams v. Cain*, 270 Fed.Appx. 320 (5th Cir. 2008) (affirming district court judgment dismissing habeas claim based on assertion that police detective perjured himself as the allegation was "unsupported by the record" and "nothing more than a bare-bones conclusional allegation."); *see also Guerrero v. Stephens*, No. 15-50169, 2015 WL 13935985, at *1 (5th Cir. 2015) (finding abandonment of perjury claim for failure to allege that the prosecution knowingly used the false testimony). His ineffective assistance of counsel claims based on trial counsel allowing the perjury to occur fail for the same reason.
³² 443 U.S. 307 (1979).
³³ *Id.* at 319.
³⁴ *Ramirez v. Dretke*, 398 F.3d 691, 694 (5th Cir. 2005); *Knox v. Butler*, 884 F.2d 849, 852 n.7 (5th Cir. 1989).
³⁵ R. Doc. 9-5, pp. 16-17.
³⁶ Though at the First Circuit Andrew only complained that "the victim's account is unworthy of a rational juror's belief," the First Circuit's analysis finding the evidence sufficient is equally applicable to Andrew's claim of insufficiency of the evidence here, though his Petition also contains the additional complaint that other witnesses were lying.

condition. Under the circumstances herein, the jury could have reasonably concluded that the defendant had the specific intent to penetrate the victim by force and that he committed acts in furtherance of his intent. In reviewing the evidence, we cannot say that the jury's determination was irrational under the facts and circumstances presented to them. An appellate court errs by substituting its appreciation of the evidence and credibility of witnesses for that of the fact finder and thereby overturning a verdict on the basis of an exculpatory hypothesis of innocence presented to, and rationally rejected by, the jury. Viewing the evidence presented in this case in the light most favorable to the State, we are convinced that any rational trier of fact could find that the evidence proved beyond a reasonable doubt, and to the exclusion of the hypotheses of innocence raised by the defendant, all of the elements of attempted forcible rape. Thus, we find that the first assignment of error lacks merit.[37]

State law defines the substantive elements of the offense, and a state judicial determination that the evidence was sufficient to establish the elements of the offense is entitled to great weight on federal habeas review.[38] Regarding the definition of the substantive elements of the alleged offenses, the First Circuit noted as follows:

> Rape is defined, in pertinent part, by La. R.S. 14:41(A) as, "the act of ... vaginal sexual intercourse with a male or female person committed without the person's lawful consent." Emission is not necessary, and any sexual penetration, when the rape involves vaginal or anal intercourse, however slight, is sufficient to complete the crime. La. R.S. 14:41(B). Forcible rape is defined, in pertinent part, as "rape committed when the ... vaginal sexual intercourse is deemed to be without the lawful consent of the victim because it is committed ... [w]hen the victim is prevented from resisting the act by force or threats of physical violence under circumstances where the victim reasonably believes that such resistance would not prevent the rape." La. R.S. 14:42.1(A)(1).
>
> To support a conviction for attempted forcible rape, the State must prove the defendant had the specific intent to commit forcible rape and that he did an act for the purpose of, and tending directly toward, the accomplishing of his objective. See La. R.S. 14:27 and 14:42.1; *State v. Alexander*, 2014–1619 (La. App. 1st Cir. 9/18/15), 182 So.3d 126, 129–30, writ denied, 2015–912 (La. 1/25/16), 185 So.3d 748. Specific intent is that state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act. La. R.S. 14:10(1). Such state of mind can be formed in an instant. *State v. Cousan*, 94–2503 (La. 11/25/96), 684 So.2d 382, 390. Specific intent need not be proven as a fact but may be inferred from the circumstances of the transaction and the actions of the defendant. **6 *State v. Graham*, 420 So.2d

---

[37] *State v. Andrew*, 2016-1123 (La.App. 1 Cir. 2/21/2017), 2017 WL 698519, at *6 (internal citations omitted).
[38] *Dickinson v. Cain*, 211 F.3d 126, *5 (5th Cir. 2000); *Hawkins v. Lynaugh*, 844 F.2d 1132, 1134 (5th Cir. 1988).

7

1126, 1127 (La. 1982). The existence of specific intent is an ultimate legal conclusion to be resolved by the trier of fact. *Alexander*, 182 So.3d at 130.

The evidence presented at trial, viewed in the light most favorable to the prosecution, was sufficient for any rational trier of fact to find Andrew guilty beyond a reasonable doubt of attempted forcible rape. As noted by the First Circuit, the victim testified in detail regarding the actions of Andrew forcing her onto the bed and trying to penetrate her.[39] Therefore, Andrew cannot show that the state court's decision rejecting his claims was contrary to clearly established federal law as determined by the Supreme Court of the United States, nor was it based on an unreasonable determination of the facts considering the evidence presented. Andrew's claims challenging the sufficiency of the evidence are without merit and should be dismissed.

## IV.  A CERTIFICATE OF APPEALABILITY SHOULD BE DENIED

Should Andrew pursue an appeal, a certificate of appealability should also be denied. An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."[40] Although Andrew has not yet filed a Notice of Appeal, the Court may address whether he would be entitled to a certificate of appealability.[41] A certificate of appealability may issue only if a habeas petitioner has made a substantial showing of the denial of a constitutional right.[42]

In cases where the Court has rejected a petitioner's constitutional claims on substantive grounds, a petitioner must demonstrate that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented

---

[39] R. Doc. 9, pp. 73-83. The victim describes Andrew forcing her into her bedroom and pushing her on the bed while she was crying. The victim further testified that she told Andrew "this can't happen" and "I don't want this to happen," to which he responded that she could not tell anybody. Then she goes on to testify that Andrews was on top of her and pulled down her pants, while she was "fighting to pull them back up." According to the victim, after pulling down his own pants, Andrew attempted to put his penis inside of her "but it just wouldn't fit."
Additionally, Andrew was known to the victim
[40] 28 U.S.C. § 2253(c)(1)(A).
[41] *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).
[42] 28 U.S.C. § 2253(c)(2).

are adequate to deserve encouragement to proceed further."[43] In the instant case, reasonable jurists would not debate the denial of Petitioner's application or the correctness of the substantive ruling. Accordingly, it is appropriate that, if Andrew seeks to pursue an appeal in this case, a certificate of appealability should be denied.

## RECOMMENDATION

**IT IS RECOMMENDED** that the Petition Under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody,[44] filed by Petitioner Don M. Andrew, Jr., be **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER RECOMMENDED** that a certificate of appealability be **DENIED** if Petitioner seeks to pursue an appeal.

Signed in Baton Rouge, Louisiana, on August 10, 2022.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[43] *Pippin v. Dretke*, 434 F.3d 782, 787 (5th Cir. 2005), quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).
[44] R. Doc. 1.

9